**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4582**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELIZABETH LEIGHTON MULLINS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:19-cr-00203-1)

Submitted:  April 27, 2022                                        Decided:  August 3, 2022

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  William Michael Frazier, Michael Drury Frazier, FRAZIER OXLEY & PROCTOR, LC, Huntington, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Ryan A. Keefe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elizabeth Leighton Mullins appeals the district court's order denying her motion to suppress a recorded statement that she gave police on the day that they executed a search warrant at her residence and seized drugs, firearms, and other evidence. After the court denied her motion, Mullins conditionally pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession of firearms by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2). On appeal, she raises the issue of whether she voluntarily, knowingly, and intelligently waived her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), prior to making incriminating statements. She argues the district court failed to properly consider the totality of the circumstances and clearly erred in not granting her motion since those circumstances rendered her waiver less than knowing and voluntary. The Government contends she did not preserve her appeal argument, and in any event, the district court properly denied her motion. We affirm.

When a defendant timely files a motion to suppress before trial but asserts distinct suppression arguments or new claims on appeal, we have found those arguments or claims forfeited and reviewed the district court's admission of evidence for plain error. *United States v. Ojedokun*, 16 F.4th 1091, 1113 & n.10 (4th Cir. 2021). We have also ruled that "once a defendant raises a *claim* before the district court, [she] may make a new *argument* for that claim on appeal without triggering plain error review." *United States v. Green*, 996 F.3d 176, 184 (4th Cir. 2021). We have further "clarified that for purposes of *de novo* appellate review, it is sufficient for counsel to articulate an objection based on multiple theories," as long as the same claim is raised on appeal, and the objection in the district

2

court was not too general to alert that court to the argument raised on appeal. *United States v. Hope*, 28 F.4th 487, 494-95 (4th Cir. 2022) (citations omitted).

In *Ojedokun*, the defendant filed three motions to suppress evidence in the district court based on the Fourth and Fifth Amendments, but "the Fourth Amendment claims raised by Ojedokun in the district court pertained to the search of his cell phone, and not the FBI agents' entry into his home." *Ojedokun*, 16 F.4th at 1113 & n.10. Accordingly, we found the appeal claim contesting the validity and scope of consent for the agents to enter was not preserved for appeal, and we reviewed the claim for plain error. *Id*.

Here, after reviewing the record, we conclude that Mullins is not raising a new claim or distinct suppression argument but rather continuing to challenge the sufficiency of her *Miranda* waiver. The district court found that her waiver was knowing and voluntary when denying her motion to suppress, and she argues the court erred in that finding based on a totality of the circumstances. We conclude she sufficiently preserved this appeal claim.

When reviewing the denial of a motion to suppress, we review the district court's factual findings underlying the denial for clear error and the court's legal determinations de novo. *United States v. Khweis*, 971 F.3d 453, 459 (4th Cir. 2020). "'When a suppression motion has been denied, this Court reviews the evidence in the light most favorable to the government.'" *United States v. Abdallah*, 911 F.3d 201, 209 (4th Cir. 2018) (quoting *United States v. Hashime*, 734 F.3d 278, 282 (4th Cir. 2013)).

"[T]he Fifth Amendment guarantees that '[n]o person . . . shall be compelled in any criminal case to be a witness against himself.'" *Khweis*, 971 F.3d at 459 (quoting U.S. Const. amend. V). "'Recognizing that the pressure and isolation inherent in custodial

3

interrogation could overcome the resilience of a suspect otherwise not inclined to incriminate himself,' the Supreme Court in *Miranda* instituted 'measures to insure that the right against compulsory self-incrimination is protected.'" *Id*. (citations omitted). "Thus, unless a defendant is advised of his Fifth Amendment rights pursuant to *Miranda* and voluntarily waives those rights, statements he makes during a custodial interrogation must be suppressed." *United States v. Azua-Rinconada*, 914 F.3d 319, 325 (4th Cir. 2019) (citing *United States v. Giddins*, 858 F.3d 870, 879 (4th Cir. 2017)).

"The inquiry into whether an individual waived effectuation of the rights conveyed in the *Miranda* warnings has two distinct dimensions." *United States v. Cristobal*, 293 F.3d 134, 139 (4th Cir. 2002) (citing *Edwards v. Arizona*, 451 U.S. 477, 482 (1981)). "First, the relinquishment of the right 'must have been voluntary in the sense that it was the product of free and deliberate choice rather than intimidation, coercion, or deception.'" *Id*. at 139-40 (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)). "Second, 'the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'" *Id*. at 140 (citation omitted). "Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived." *Id*. (internal quotation marks and citation omitted).

"'To effectuate a waiver of one's *Miranda* rights, a suspect need not utter any particular words.'" *United States v. Umana*, 750 F.3d 320, 344 (4th Cir. 2014) (quoting *Burkett v. Angelone*, 208 F.3d 172, 198 (4th Cir. 2000)). "A suspect impliedly waives his *Miranda* rights when he acknowledges that he understands the *Miranda* warning and then

4

subsequently is willing to answer questions." *Id*. (citing *United States v. Frankson*, 83 F.3d 79, 82 (4th Cir. 1996)); *see also Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010) ("Where the prosecution shows that a *Miranda* warning was given and that it was understood by the accused, an accused's uncoerced statement establishes an implied waiver of the right to remain silent."). "'[T]he question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the *Miranda* case.'" *Frankson*, 83 F.3d at 82 (quoting *North Carolina v. Butler*, 441 U.S. 369, 373 (1979)). "Thus, a defendant's 'subsequent willingness to answer questions after acknowledging [her] *Miranda* rights is sufficient to constitute an implied waiver.'" *Id*. (citations omitted).

The district court found that Mullins impliedly waived her *Miranda* rights; and her waiver was knowing and voluntary. On appeal, Mullins contends the district court failed to properly consider the totality of the circumstances and clearly erred in not granting her motion, since those circumstances rendered her waiver less than knowing and voluntary.

After reviewing the record, we conclude that the district court did not err in finding that Mullins impliedly waived her *Miranda* rights and that her waiver was knowing and voluntary. Many of the circumstances asserted by Mullins on appeal were not established by the evidence but rather based on speculation, which we do not consider. *See, e.g., Cristobal*, 293 F.3d at 142. She also points to the passage of time between her *Miranda* warning at her residence and her implied waiver at the police station, which was about 30 minutes; and she argues that the warning should have been repeated at the station. While proximity between the *Miranda* warning and a defendant's waiver is properly considered under the totality of the circumstances in determining whether the waiver was knowing and

5

intelligent, *see United States v. Dire*, 680 F.3d 446, 474 (4th Cir. 2012) (citing *Correll v. Thompson*, 63 F.3d 1279, 1288 (4th Cir. 1995)), we conclude that the district court did not err in this case, *see Frankson*, 83 F.3d at 83 (rejecting argument that defendant had to be readvised of *Miranda* rights when interrogation did not immediately follow the *Miranda* warning and concluding that the warning was still valid after two and one-half hours).

Accordingly, we affirm the district court's order and judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*